

April 26, 2020

The Honorable Chokwe Antar Lumumba
Jackson City Hall
219 South President Street
Jackson, Mississippi 39205

    Re:    City of Jackson's Executive Order Suspending Mississippi's Open-Carry Law

Dear Mayor Lumumba:

    I have reviewed your recently issued "Mayoral Executive Order Suspending Open Carry of Firearms in the City of Jackson, Mississippi" ("Order"), wherein you ostensibly suspend the right to openly carry firearms within the City of Jackson ("City"), until April 30, 2020. I have serious concerns about the Order and the burden it imposes upon Mississippians' constitutional right to possess firearms.

    In the Order, you cite Mississippi Code Annotated Section 45-17-7(e) as your purported authority to suspend the right. As you are aware, Section 45-17-7(e) authorizes a mayor, who has proclaimed the existence of a "civil emergency" under the provisions of Section 45-17-3, to, "in the interest of public safety and welfare . . . [i]ssue such other orders as are necessary for the protection of life and property."[1] Neither Section 45-17-7, nor any other provision of law governing municipal civil emergencies, authorizes a mayor to suspend any valid state statute or constitutional right.

    Section 33-15-11(c)(1) authorizes *the Governor* to "suspend the provisions of any regulatory statute prescribing the procedures for conduct of state business, . . . if strict compliance with the provisions of any statute, order, rule or regulation would in any way prevent, hinder or delay necessary action in coping with a disaster or emergency." In his March 14, 2020, state of emergency proclamation ("Proclamation"), Governor Reeves authorized the temporary suspension or modification of certain statutes "if compliance with such provisions would prevent, hinder, or delay action necessary to cope with [the COVID-19] outbreak," citing Section 33-15-11(c)(1).

---

[1] Notably, Section 45-17-7(d) authorizes "the discontinuance of selling, distributing, dispensing or giving away of any firearms or ammunition of any character whatsoever" during the pendency of the civil emergency. Even this subsection does not authorize a local government to curtail the carrying or possession of firearms.

The Honorable Chokwe Antar Lumumba
April 26, 2020
Page 2

The Governor's Proclamation does not authorize you to suspend the right to open carry, or any other statute or constitutional provision governing firearm possession.

While the Order seeks to suspend the "open carry of firearms," it does not identify any specific statute or statutes that it seeks to suspend. The right to keep and bear arms is a natural right, enshrined in the Constitutions of the United States and the State of Mississippi. In an effort to provide safeguards to the diminution of this right, the Mississippi Legislature has imposed strict limitations on a municipality's authority to regulate "the possession, carrying, transportation, sale, transfer or ownership of firearms or ammunition or their components."[2]

Further, in addition to the Attorney General's broad authority to see that Mississippi's laws are properly enforced, the Legislature has charged my office with ensuring local governing authorities do not exceed their statutory power to restrict certain firearm possession.[3]

The Order cites recent homicides committed within the City – seven within recent weeks, including two young children. These heinous crimes are heartbreaking, especially because innocent children were victims. As Mississippi's Chief Legal Officer, I stand ready to assist the City in the prosecution of those who played a role in this violence, to the extent Mississippi law allows, and to provide victims advocacy services for the victims and their families. To the best of my knowledge, however, there is no evidence that the State's open carry law was implicated in these crimes or that your order would have changed the outcomes.

Mississippians enjoy the right to lawfully open carry in all of Mississippi's 82 counties and in every municipality within the State. The City of Jackson is no exception. The City lacks statutory authority to suspend a state statute or constitutional provision. Accordingly, I ask that you rescind the Order immediately.

I take seriously my obligation to protect Mississippians' constitutional rights, and I will take every action available to my office to ensure these rights are not infringed upon. If you have any questions regarding this matter, please do not hesitate to contact me.

Sincerely,

Lynn Fitch
Attorney General

---

[2] Miss. Code Ann. §§ 45-9-51 – 53.

[3] *See* Miss. Code Ann. § 45-9-53.