## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

### Northern Division

| | |
|---|---|
| DANA CRISWELL, | |
| *Plaintiff*, | |
| vs. | Civil Action No.: 3:20-cv-294-DPJ-FKB |
| CHOKWE ANTAR LUMUMBA, in his official capacity of Mayor of Jackson, Mississippi, and CITY OF JACKSON, MISSISSIPPI, | |
| *Defendants*. | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

COMES NOW, the Plaintiff, Dana Criswell, by and through his undersigned counsel, and files this Memorandum in Support of his Motion to a Temporary Restraining Order or Preliminary Injunction, pursuant to Rules 65(b)(1) and 65(a) of the Federal Rules of Civil Procedure, and in support of which, he would show unto the Court the following:[1]

### INTRODUCTION

On April 24, 2020, Chokwe Antar Lumumba, Mayor of the City of Jackson, issued an Executive Order banning the open carry of firearms in the City of Jackson ("the Open Carry Ban").[2] Mayor Lumumba offered the pretextual excuse that COVID-19 has led to increased

---

[1] Due to the urgent nature of the relief requested in Plaintiff's motion, Plaintiff files this brief in abbreviated form. Should additional briefing be available or required, Plaintiff will more fully discuss the pertinent case law.

[2] Throughout this brief, when Plaintiff is referring to the right to "open carry", he is referring to normal citizens, not convicted felons or persons otherwise subject to restrictions. Those types of issues are well beyond the scope of the case.

violence within the City. Mayor Lumumba has no data to support his position or to show that the persons involved in violent crimes were complying with Mississippi's open carry law. Put simply, the Open Carry Ban is wholly unrelated to the COVID-19 pandemic, and therefore is in direct violation of the United States Constitution, the Mississippi Constitution, and Mississippi statutory law. *See In re Abbott*, No. 20-50296, 2020 WL 1911216, at *2 (5th Cir. Apr. 20, 2020). Plaintiff requests that the Court immediately enter a Temporary Restraining Order enjoining the enforcement of the Open Carry Ban, without notice to the Defendants, pursuant to Fed. R. Civ. P. 65(b)(1), or a Preliminary Injunction pursuant to Fed. R. Civ. P. 65(a).

Plaintiff further requests that, if a Temporary Restraining Order is not granted without notice, that his Motion be given expedited consideration and placed on an immediate, expedited briefing schedule, and that any hearings, if needed, proceed pursuant to Local Uniform Rule of Civil Procedure 7(b)(6)(8) regarding hearings for urgent and necessitous matters.

## I.   FACTUAL BACKGROUND

On April 24, 2020, Mayor Lumumba issued the Open Carry Ban (Dkt. 1-1), purporting to rely on Section 45-17-3 of the Mississippi Code of 1972, as amended, due to the Mayor's earlier civil emergency proclamation related to the COVID-19 pandemic.[3] The "Open Carry Ban" flagrantly violates Plaintiff's constitutional and statutory rights to openly carry a firearm in public

---

[3] Mayor Lumumba also appears to believe that he has the authority to "suspend" state statutes based on an emergency proclamation issued by Governor Reeves (Dkt. 1-3), which stated: "Pursuant to Miss. Code Ann. § 33-15-11(c)(1) the provisions of state statutes, rules, regulations or orders may be temporarily suspended or modified if compliance with such provisions would prevent, hinder, or delay action necessary to cope with this outbreak." However, this proclamation contains no express delegation of power to a mayor to suspend statutes. Moreover, even if it did, such delegation would be expressly limited to suspending statutes which would "prevent, hinder, or delay action necessary to cope with [the COVID-19] outbreak." The clarification in Miss. Code Ann. § 97-37-1, the statute which criminalizes the concealment of deadly weapons, that "a loaded or unloaded pistol [to be] carried upon the person in a sheath, belt holster or shoulder holster that is wholly or partially visible, or carried upon the person in a scabbard or case for carrying the weapon that is wholly or partially visible," in not a "concealed" weapon – the clarification which the Mayor apparently purports to "suspend," has no bearing whatsoever on the COVID-19 outbreak.

2

for self-defense in the City of Jackson; a right Plaintiff routinely exercises otherwise.  Importantly, in a video released to explain and publicize his signing of the Open Carry Ban, Mayor Lumumba explained his hostility to Mississippi's open carry law and called for its blanket repeal.[4]  In the video, Mayor Lumumba expressly stated his motivations for issuing the Open Carry Ban, and those have nothing at all to do with COVID-19.  Mayor Lumumba stated that open carry has led to the following negative consequences *in general* (not just during the pandemic): "increase in gun violence in our communities"; "protection for individuals who are armed with illegal weapons" "atmosphere of fear and intimidation in the community"; and "[substantially increased] child deaths by firearms in the South".  Mayor Lumumba concluded that, based on his negative view of open carry, "we must be moved to action"; and that "it is this [general] call to action that has led to my decision to issue an Executive Order suspending open carry law during the COVID-19 civil emergency."  Mayor Lumumba could not have been more direct: he disagrees with open carry and he is trying to use the smokescreen of COVID-19 to ban it.

But, lest the Court have any doubt about the Mayor's motivations, the Mayor almost immediately (within 24 hours) posted a www.change.org by an account named "Mayor Chokwe Antar Lumumba" which included the video of the Mayor's announcement, the text of his announcement, and a request for members of the public to sign a petition in order to "Join Jackson Mayor Chokwe Antar Lumumba in the fight to repeal the Open Carry Law in Mississippi!"[5]  And,

---

[4] https://www.youtube.com/watch?v=O85UPFUsQNg

[5] https://www.change.org/p/mississippi-state-senate-repeal-open-carry-inmississippi?utm_content=cl_sharecopy_21760251_en-US%3Av10&recruiter=1081096764&recruited_by_id=5862eff0-86ab-11ea-9e2d-61fb29499f0c&utm_source=share_petition&utm_medium=copylink&utm_campaign=psf_combo_share_initial&utm_term=psf_combo_share_initial

in statements to the press, he stated that he would "rather be wrong for the right reasons, than right for the wrong reasons."[6]

## II.  DISCUSSION

Temporary restraining orders ("TRO") are governed by Federal Rule of Civil Procedure 65. To be entitled to a TRO, the Plaintiff "must satisfy a cumulative burden of proving four elements": (1) a substantial likelihood that he will prevail on the merits; (2) the injunction is necessary to prevent irreparable harm to him; (3) the threatened harm to him outweighs the potential harm to the defendant; and (4) the entry of the injunction is consistent with the public interest. *E.g., Harris v. Everhome Mortg. Co*., 2008 WL 399101 (S.D. Miss. Aug. 26, 2008). All four elements are satisfied here, such that a TRO should issue.[7]

A.  Likelihood of Success on the Merits

The following authorities demonstrate that Plaintiff is likely to succeed on the merits of his claim: the Second Amendment to the United States Constitution, Article 3, Section 12 of the Mississippi Constitution, and Miss. Code Ann. § 97-37-1.[8]  Moreover, the statute on which the Mayor purports to rely—Miss. Code Ann. 45-17-7—has no application here.

First, three federal Circuit Courts have held that the Second Amendment to the United States Constitution protects the right to open carry. *Young v. Hawaii*, 896 F.3d 1044, 1049 (9th Cir. 2018), *reh'g en banc granted*, 915 F.3d 681 (9th Cir. 2019); *Wrenn v. District of Columbia*,

---

[6] https://www.clarionledger.com/story/news/2020/04/28/unanimous-vote-against-mayors-open-carry-ban-pits-council-against-mayor/3043243001/

[7] While Plaintiff moves, in the alternative, for a Preliminary Injunction, due to the urgent nature of this motion, Plaintiff will confine the legal analysis of this brief to the standard for Temporary Restraining Orders.

[8] Although Plaintiff includes causes of action against Mayor Lumumba based on Miss. Code Ann. §§ 97-37-1, 45-9-51, those do not need to be addressed due to the Mayor Lumumba's clear violation of Miss. Code Ann. § 45-17-7.

864 F.3d 650, 665 (D.C. Cir. 2017); M*oore v. Madigan*, 702 F.3d 933, 936–37 (7th Cir. 2012). Other Circuits have assumed without deciding that the Second Amendment provides some modicum of protection to open carry rights, while upholding less rigorous restrictions than the outright at issue here. *Drake v. Filko*, 724 F.3d 426 (3rd Cir. 2013);[9] *Woollard v. Gallagher* 712 F.3d 865 (4th Cir. 2013).[10] Given this breadth of case law, Plaintiff is likely to prevail on the merits of its Second Amendment claim.

Second, the plain text of Article 3, Section 12 of the Mississippi Constitution prohibits any legislation interfering with open carry.  It provides that "[t]he right of every citizen to keep and bear arms in defense of his home, ***person, or property***, or in aid of the civil power when thereto legally summoned, shall not be called in question, but the Legislature may regulate or forbid carrying ***concealed*** weapons." (emphasis added). The issue here, of course, is not a concealed weapon.  Accordingly, neither the Governor, nor the Legislature, nor the Mayor, nor the City Council, has authority to so much as limit open carry.  Here, the Mayor has not merely limited it; he has uniformly, without exception, "suspended" it.

Third, and finally, the statute which criminalizes the concealment of deadly weapons allows "a loaded or unloaded pistol [to be] carried upon the person in a sheath, belt holster or shoulder holster that is wholly or partially visible, or carried upon the person in a scabbard or case for carrying the weapon that is wholly or partially visible."  Miss. Code Ann. § 97-37-1.   This language is unambiguous and provides no exceptions.  Further, the Mississippi Code prohibits cities from enact their own, more stringent laws relating to possessing, carrying, and transporting

---

[9] Plaintiff does not intend to suggest that these cases were correct in their holdings.  But given the absolute nature of the Open Carry Ban, the Court need not decide whether the cases were correct.

[10] *Kachalsky v. County of Westchester*, which was cited in *Young*, is not in this class of cases.  It has no application whatsoever here, as it deals with restrictions on ***concealed*** carry, 701 F.3d 81 (2nd Cir. 2012).

guns. Miss. Code Ann. § 45-9-51 ("Subject to the provisions of Section 45-9-53, no county or municipality may adopt any ordinance that restricts the possession, carrying, [or] transportation, . . . of firearms or ammunition or their components.")

Finally, Miss. Code Ann. § 45-17-7 does not salvage the Open Carry Ban.  That statute merely provides that "[a]fter proclamation of a civil emergency, the chief administrative officer may at his discretion, in the interest of public safety and welfare: (d) Order the discontinuance of selling, distributing, dispensing or giving away of any firearms or ammunition of any character whatsoever"; and "(e) Issue such other orders as are necessary for the protection of life and property."  The Fifth Circuit recently made clear, in addressing COVID-19 and similar emergency situations, "a state may implement emergency measures that curtail constitutional rights *so long as the measures have at least some real or substantial relation to the public health crisis* and are not beyond all question, a plain, palpable invasion of rights secured by the fundamental law."  *In re Abbott*, No. 20-50296, 2020 WL 1911216, at *2 (5th Cir. Apr. 20, 2020) emphasis added (*citing Jacobson v. Massachusetts*, 197 U.S. 11, 25 (1905)).  Additionally, "[c]ourts may ask whether the state's emergency measures lack basic exceptions for "extreme cases," *and whether the measures are pretextual—that is, arbitrary or oppressive.  Id.*  While this standard is not overly difficult to satisfy, the Open Carry Ban does not come close to meeting it.

The Open Carry Ban is premised entirely on the Mayor's personal opposition, in general, to open carry.  His statements recited in the factual section of this brief prove the point beyond any doubt, but so too do his pretextual, factually unsupported rationales: COVID-19 "spreads illness and fear, citizens are prone to amassing guns and ammunition;" and "such acquisition of guns is usually accompanied by increased likelihood of unintentional shootings, intimate partner violence, and gun suicide;" and "there have been nearly a dozen shootings in the City of Jackson" since the

issuance of the Stay at Home Order.  Had the Mayor bothered to consult even two basic data points, he might have seen the fallacy in his argument—he offered the unsupported position "nearly a dozen" shootings have occurred in Jackson since March 31, 2020, but in December 2019 alone, the Jackson Police Department reported 56 assaults with a firearm.  Ex. "1".[11]   Even if the Court briefly considers Mayor Lumumba's justifications at face value, they do not even attempt to address the *open carry* of firearms during the pandemic; any of the purported problems could arise just as easily (and maybe even more easily) within the walls of a home.  The Open Carry Ban simply has *no real or substantial relation to the public health crisis, lacks basic exceptions for "extreme cases," and is pretextual—that is, arbitrary or oppressive.*"

     B.    <u>Irreparable injury</u>

The harm from the Open Carry Ban is actual and immediate.  Plaintiff intends to travel to Jackson within the next day, and in order to do so without risking arrest, punishment, or temporary seizure of his weapon, he must forego his constitutional and statutory right to openly carry a firearm.  And, by the Mayor's own logic, Plaintiff must place his safety at risk; according to the Mayor, violence is up in the City, yet the Mayor would have law-abiding persons place themselves at the mercy of the very criminals the Mayor hopes to stop.  It is well-established that a violation of a plaintiff's constitutional rights constitutes irreparable harm as a matter of law.  *See Campaign for S. Equal. v. Bryant*, 64 F. Supp. 3d 906, 950 (S.D. Miss. 2014), aff'd, 791 F.3d 625 (5th Cir. 2015); *Cohen v. Coahoma Cnty., Miss.*, 805 F. Supp.  398, 406 (N.D.Miss.1992).   Here, for the reasons explained in Section 1, *supra*, the Open Carry Ban violates Plaintiff's federal and state

---

[11] The City of Jackson Police Department reported 36 assaults with a firearm in March, 2019.

constitutional rights.  That rule should apply with particular force where the plaintiff is, as here, entering an area that the Mayor himself posits as dangerous.

      C.    <u>Balance of Harms</u>

The "balance of harms" also favor Plaintiff; as explained in the preceding section, he risks losing his constitutional rights, potential criminal punishment, and potentially jeopardizing his safety.  By contrast, Defendant will incur no harm to any legitimate government interest, because the Open Carry Ban in no way will prevent or limit the spread of COVID-19.  Further, based on the available date, gun violence is already decreasing, not increasing, during the pandemic.

      D.    <u>The Public Interest</u>

Due to the irreparable harm that the Plaintiff has faced, the lack of any harm to Defendant, and the absolutely critical nature of the constitutional rights at issue, the public interest will be best served by issuing a temporary restraining order.  "It is always in the public interest to prevent the violation of a party's constitutional rights." *Campaign for S. Equal. v. Mississippi Dep't of Human Servs.*, 175 F. Supp. 3d 691, 711 (S.D. Miss. 2016).

### III.    CERTIFICATION OF ATTEMPTS TO AFFORD NOTICE AND AFFIDAVIT OF IRREPERABLE INJURY, LOSS, OR DAMAGE.

Pursuant to Fed. R. Civ. P. 65(b)(2), at the end of this document, the undersigned counsel for Plaintiff provides a certification of his efforts to afford notice, and the reasons why it should not be required.  Additionally, if needed, Plaintiff may file a supplemental exhibit to the motion containing an affidavit from Plaintiff regarding the irreparable injury, loss, or damage which will result to him.

## **CONCLUSION**

For the foregoing reasons, Plaintiff requests the Court grant its Motion, issue a Temporary Restraining Order without notice, or alternatively, a Preliminary Injunction, enjoining Defendants and their agents from enforcing and applying the Open Carry Ban in any way, and grant such other relief to which Plaintiff is entitled.

RESPECTFULLY SUBMITTED, this the 29th day of April, 2020.

 /s/ *Aaron R. Rice*
Aaron R. Rice
MS Bar No. 103892
MISSISSIPPI JUSTICE INSTITUTE
520 George St.
Jackson, MS 39202
Tel: (601) 969-1300
Email: aaron.rice@msjustice.org

D. Sterling Kidd (MB No. 103670)
Michael R. Jones (MB No. 105697)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi  39211-6391
*Telephone*:  (601) 351-2400
*Facsimile*:  (601) 351-2424
skidd@bakerdonelson.com

*Counsel for Plaintiff*

9

## CERTIFICATE OF SERVICE

I, Aaron R. Rice, counsel for Plaintiff, hereby certify that the foregoing document has been filed using the Court's ECF filing system and thereby served on all counsel of record who have entered their appearance in this action to date.  **Additionally, I certify that a process server will be retained today to attempt to personally serve the foregoing document on any parties who have not had counsel of record enter their appearance in this action to date.**

This the 29th day of April, 2020.

 /s/ *Aaron R. Rice*
Aaron R. Rice

## CERTIFICATE OF EFFORTS TO PROVIDE NOTICE

I, Aaron R. Rice, counsel for Plaintiff, hereby certify that on April 28, 2020, I sent an email to Mr. Timothy Howard the city attorney for the City of Jackson asking to discuss this case over the phone, and did not receive a response to that email.  Today, on April 29, 2020, I sent an email to Mr. Timothy Howard, and Mr. Deshun Martin, informing them that the Court had requested a telephonic hearing.  Today, on April 29, 2020, I called Mr. Deshun Martin, and asked if he would enter an appearance on behalf of the City Council of the City of Jackson, which he did.  At this time, I am not aware of which attorney will be representing Mayor Lumumba.  As described in the above Certification of Service, a process server will be retained today to attempt to personally serve the foregoing document on any parties who have not had counsel of record enter their appearance in this action to date.  Additionally, notice to the Defendant should not be required, as an order enjoining Defendants will not cause any harm or impose any costs on Defendants.

This the 29th day of April, 2020.

 /s/ *Aaron R. Rice*
Aaron R. Rice

10