**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DANA CRISWELL**                                                                                          **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO. 3:20-cv-294-DPJ-FKB**

**CHOKWE ANTAR LUMUMBA, in his
official capacity of Mayor of Jackson, Mississippi,
and CITY OF JACKSON, MISSISSIPPI**                      **DEFENDANTS**

---

**THE CITY COUNCIL OF JACKSON, MISSISSIPPI'S MEMORANDUM IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION**

---

COMES NOW, The City Council of Jackson, Mississippi ("CCJ"), by and through its Independent Counsel, Deshun T. Martin, Esq., and Vaterria M. Martin, Esq., files its *Memorandum in Support of its Response in Opposition to Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction*, in support thereof, would show unto the Court the following, to-wit:

**INTRODUCTION**

This case arises due to Chokwe Antar Lumumba's, in his official capacity as Mayor of Jackson, Mississippi ("the mayor"), issuance of an Executive Order abridging the fundamental rights of Mississippians. On or about April 24, 2020, the mayor signed and issued Mayor's Executive Order Suspending the Open Carry Law of the State of Mississippi ("the order") which contained language suspending the open carry of firearms during the COVID-19 pandemic. The order indicated that it "shall be effective immediately and remain in full force and effect through Thursday, April 30, 2020."

On April 27, 2020, a complaint was filed against the mayor and the City of Jackson, Mississippi[1] ("COJ") asserting that the order violated the Second Amendment of the United States Constitution, Article 3, Section 12 of the Mississippi Constitution, and Mississippi statutory law. Notably, the CCJ disapproved of the mayor's order. On April 29, 2020, Plaintiff filed a *Motion for Temporary Restraining Order or Preliminary Injunction* requesting this court to enjoin the mayor, the COJ, and agents thereof from enforcing and applying the order. As the order expired on April 30, 2020, and was not extended, Plaintiff's motion is moot. Consequently, Plaintiff's motion should be denied.

## LEGAL STANDARD

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and (4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001). The Fifth Circuit has deemed the first element to be "sine qua non, meaning there is no need to proceed to the other elements if a substantial likelihood of success on the merits cannot be proven". *Walgreen Co. v. Hood*, 275 F.3d 475, 477 (5th Cir. 2001) (affirmed denial of preliminary injunction on the sole basis that there was no substantial basis that the plaintiff would prevail on merits); *La Union Del Pueblo Entero v. FEMA*, 608 F.3d 217, 225 (5th Cir. 2010) (issuance of preliminary injunction

---

[1] The City of Jackson, Mississippi operates under the mayor-council form of government. The City Council of Jackson, Mississippi is authorized by Section 21-8-9 of the Mississippi Code of 1972, as amended, to serve as the legislative branch for the City of Jackson, Mississippi. Thus, the City Council of Jackson, Mississippi provided independent counsel on behalf of the City of Jackson, Mississippi.

was erroneous because a substantial likelihood of success was not shown, no analysis of subsequent elements was needed).

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion" on each of the four elements of the analysis. *White v. Carlucci, 862 F.2d 1209, 1211 & n.1* (5th Cir. 1989) (stating that "[w]ithout question, the irreparable harm element must be satisfied by independent proof" and affirming denial of injunction). When the movant cannot carry that burden, extraordinary relief is properly denied. *Harris v. Wilters*, 596 F.2d 678, 680 (5th Cir. 1979) (affirming denial of injunctive relief and describing issuance of preliminary injunction as proper "[o]nly in rare instances"); *Anderson v. Morris*, 2017 WL 9565838 (N.D.Miss.), 1 (N.D.Miss., 2017).

## ARGUMENT AND AUTHORITIES

### A. <u>Likelihood of success on the merits.</u>

To establish the substantial-likelihood element, Plaintiff must "raise questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation" based on the standards provided by the underlying substantive law. *Allied Home Mortg. Corp. v. Donovan*, 830 F. Supp. 2d 223, 227 (S.D. Tex. 2011). In Plaintiff's motion, Plaintiff argues that the mayor's order violated the Second Amendment of the United States Constitution, Article 3, Section 12 of the Mississippi Constitution, and Mississippi Code Annotated 97-37-1. The CCJ acknowledges, understands, and agrees with the same.

First, the Second Amendment of the United States Constitution provides: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep

and bear Arms, shall not be infringed." U.S. CONST. amend. II. "The Second Amendment protects the right of individuals to privately keep and bear their own firearms that are suitable as individual, personal weapons…regardless of whether the particular individual is then actually a member of a militia." *United States v. Emerson*, 270 F.3d 203, 264 (5th Cir. 2001) Similarly, the Supreme Court concluded that the Second Amendment codified a pre-existing "individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008).

Secondly, Article 3, Section 12 of the Mississippi Constitution provides, "The right of every citizen to keep and bear arms in defense of his home, person, or property, or in aid of the civil power when thereto legally summoned, shall not be called in question, but the legislature may regulate or forbid carrying concealed weapons." Third, Mississippi Code Annotated Section 97-37-1 affords an individual to carry a concealed firearm or deadly weapon which includes a "loaded or unloaded pistol carried upon the person in a sheath, belt holster or shoulder holster that is wholly or partially visible, or carried upon the person in a scabbard or case for carrying the weapon that is wholly or partially visible." Miss. Code Ann. Section 97-37-1.

And, lastly, Mississippi Code Annotated Section 45-9-51 provides, "Subject to the provisions of Section 45-9-53, no county or municipality may adopt any ordinance that restricts or requires the possession, transportation, sale, transfer or ownership of firearms or ammunition or their components." Miss. Ann. Code Section 45-9-51. As aforementioned, the CCJ has not taken any action or adopted any ordinance whatsoever purporting to regulate the possession or carry of firearms during the COVID-19 pandemic. Moreover, the CCJ supports the above outlined laws and disapproves of the order as the mayor lacks the legal authority pursuant to the Mississippi Annotated Code Section 45-17-7 to suspend the open carry of firearms and

demonstrates an invasion of rights secured by the fundamental law. The CCJ concedes that the motion has a high likelihood of success on the merits in accordance with the foregoing. However, as the order expired on April 30, 2020, Plaintiff was aware of the expiration date of the order, and the order was not extended, Plaintiff's motion is moot. Consequently, Plaintiff's motion should be denied.

### B. There is no threat of irreparable injury or harm.

As aforesaid, a party requesting a temporary restraining order or preliminary injunction must demonstrate a substantial threat that failure to grant the injunction will result in irreparable injury; the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and the injunction must not have an adverse effect on the public interest. The most important factor for consideration in a request for preliminary injunctive relief is that the movant will suffer irreparable harm before a decision on the merits can be reached. *Mon-umental Task Committee, Inc. v. Foxx*, 157 F.Supp.3d 573, 58 (E.D. La. 2016).

For the harm to be "irreparable," the movant must show that there is no adequate remedy at law, such as monetary damages. *Id*. Moreover, the likelihood of the harm occurring absent an injunction cannot be re-mote or speculative and the harm must be an existing, imminent threat. *Id*. On April 29, 2020, Plaintiff filed a motion for a temporary restraining order or preliminary injunction to enjoin enforcement of the order. The order expired April 30, 2020, and was not extended. Therefore, Plaintiff's argument regarding the remainder of the preliminary injunction elements are moot. There is no longer a possible threat of irreparable harm or injury as the order is void. As such, Plaintiff's motion should be denied.

### CONCLUSION

As Mayor's Executive Order Suspending the Open Carry Law of the State of Mississippi

expired on April 30, 2020, was not extended, is void, and there is no longer a possible threat of irreparable harm or injury, Plaintiff's motion is moot. Consequently, Plaintiff's motion should be denied.

    Respectfully submitted, this the 5th day of May, 2020.

                      **THE CITY COUNCIL OF JACKSON, MISSISSIPPI**

                      /s/ Deshun T. Martin_____
                      DESHUN T. MARTIN, MSB #101526

                      /s/ Vaterria M. Martin_____
                      VATERRIA M. MARTIN, MSB# 101235

OF COUNSEL:

DESHUN T. MARTIN, MSB# 101526
VATERRIA M. MARTIN, MSB# 101235
MARTIN AND MARTIN, P.A.
Attorneys & Counselors
228 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 355-0955
Facsimile: (601) 355-0957
E-mail:  DTMartin@4MartinsAtLaw.com
E-mail:  VMMartin@4MartinsAtLaw.com
**ATTORNEYS FOR THE
CITY COUNCIL OF JACKSON, MISSISSIPPI**

## **CERTIFICATE OF SERVICE**

We, Deshun T. Martin, Esq., and Vaterria M. Martin, Esq., do hereby certify that we have this day electronically filed the foregoing document with the Clerk of the Court utilizing the ECF system, which sent notification of such filing to the following counsel of record:

**Aaron R. Rice, Esq.**
Aaron.rice@msjustice.org

**D. Sterling Kidd, Esq.**
skidd@bakerdonelson.com

**ATTORNEYS FOR PLAINTIFF**

This the 5th day of May, 2020.

/s/ Deshun T. Martin_____
DESHUN T. MARTIN, MSB #101526

/s/ Vaterria M. Martin_____
VATERRIA M. MARTIN, MSB# 101235

OF COUNSEL:

DESHUN T. MARTIN, MSB# 101526
VATERRIA M. MARTIN, MSB# 101235
MARTIN AND MARTIN, P.A.
Attorneys & Counselors
228 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 355-0955
Facsimile: (601) 355-0957
E-mail:  DTMartin@4MartinsAtLaw.com
E-mail:  VMMartin@4MartinsAtLaw.com
**ATTORNEYS FOR THE**
**CITY COUNCIL OF JACKSON, MISSISSIPPI**