# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

## Northern Division

| | |
|---|---|
| DANA CRISWELL, *Plaintiff*, vs. CHOKWE ANTAR LUMUMBA, in his official capacity of Mayor of Jackson, Mississippi, and CITY OF JACKSON, MISSISSIPPI, *Defendants*. | Civil Action No.: 3:20-cv-294-DPJ-FKB |

## JOINT MOTION FOR ENTRY OF CONSENT DECREE

Plaintiff, Dana Criswell, and Defendants Chokwe Antar Lumumba in his official capacity of Mayor of Jackson, Mississippi ("Mayor Lumumba") and the City of Jackson, Mississippi ("City of Jackson") and the City Council of Jackson, Mississippi ("City Council") (collectively, "the Parties") respectfully submit this Joint Motion for entry of a Consent Decree as an Order of this Court. The proposed Consent Decree will be submitted to the Court in accordance with Rule 52 of the Local Uniform Civil Rules. In support of this motion, the Parties would show as follows:

1.  In this Action, Plaintiff brings claims against Defendants for, *inter alia*, declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201–02. On April 25, 2020, Mayor Lumumba issued an executive order, which temporarily prohibited the open carry of firearms in the City of Jackson, Mississippi.[1] Plaintiff alleges that the executive order violated his rights under the Second Amendment to the United States Constitution, Article 3, Section 12 of the Mississippi

---

[1] While the executive order has since expired, Plaintiff has informed Defendants that, if required, he would oppose any motion to dismiss for mootness on the grounds that the order is capable of repetition yet evading judicial review.

Constitution, and Mississippi statutory law.  The City of Jackson by and through its City Council admits these allegations, and maintains that the City Council disapproves of Mayor Lumumba's executive order.  Mayor Lumumba has not filed responsive pleadings, but denies Plaintiff's allegations.  The Parties have reached an agreement that it is in the Parties' best interest to fully and finally resolve this matter on mutually agreeable terms in order to avoid costly and protracted litigation.  The declaratory and injunctive relief contemplated by that agreement is embodied in the proposed Consent Decree.

2. The Parties hereby agree and stipulate to the Court's entry of all aspects of the Consent Decree as an Order of the Court in resolution of Plaintiff's claims for declaratory and injunctive relief against Defendants.  Further, the Parties respectfully request that the Court retain jurisdiction over the Consent Decree for the purpose of enforcing its terms.

3. Settlement via consent decree is encouraged by the courts.  In determining whether to approve a proposed settlement, the Court should determine that the settlement is fair, adequate and reasonable and is not the product of collusion.  There is a strong presumption in favor of finding a settlement to be fair.

4. The proposed Consent Decree is fair, adequate and reasonable and is not the product of collusion.  The Parties, through counsel, have engaged in extensive settlement negotiations, including several telephonic meet-and-confers and the exchange of numerous e-mails and proposed drafts of the proposed Consent Decree.  The proposed Consent Decree is the result of arms-length bargaining and good faith negotiations, and therefore fair, adequate and reasonable.

5. The proposed Consent Decree provides meaningful relief to Plaintiff, and its terms are reasonable in light of the significant additional resources, time, and money both Plaintiffs and Defendants would be forced to spend in further litigation.  Delays in resolving this case would

prevent Plaintiff from obtaining relief unless and until he prevails at trial or final adjudication and, potentially, on appeal.  Entering the Consent Decree now, by contrast, provides immediate relief.  Thus, it is fair, adequate and reasonable for the Parties to enter the Consent Decree at this time.

6. In support of this Joint Motion, the Parties are also filing a separate Memorandum of Law, which is incorporated herein.

WHEREFORE, PREMISES CONSIDERED, good cause exists for entry of the proposed Consent Decree in the form that will be submitted to the Court, and the Parties respectfully request that the Court approve and adopt this Consent Decree as an Order of the Court.

RESPECTFULLY SUBMITTED, this the 12th day of June, 2020.

*/s/ Aaron R. Rice*
Aaron R. Rice
MS Bar No. 103892
MISSISSIPPI JUSTICE INSTITUTE
520 George St.
Jackson, MS 39202
Tel: (601) 969-1300
Email: aaron.rice@msjustice.org

D. Sterling Kidd (MB No. 103670)
Michael R. Jones (MB No. 105697)
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi  39211-6391
*Telephone*:  (601) 351-2400
*Facsimile*:  (601) 351-2424
skidd@bakerdonelson.com

*Counsel for Plaintiff*

*/s/ Winston J. Thompson, III*
Winston J. Thompson, III (MSB # 100157)
WINSTON J. THOMPSON, III, PLLC
P.O. Box 23579  Jackson, MS 39225
Tel: 769-233-7163
Fax: 769-233-7927
wjt3law@yahoo.com

*Counsel for Defendant Chokwe Antar Lumumba, in his official capacity as Mayor of Jackson, Mississippi*

*/s/ Deshun T. Martin*
DESHUN T. MARTIN, MSB #101526
VATERRIA M. MARTIN, MSB# 101235
MARTIN AND MARTIN, P.A.
Attorneys & Counselors
228 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 355-0955
Facsimile: (601) 355-0957
E-mail: DTMartin@4MartinsAtLaw.com
E-mail: VMMartin@4MartinsAtLaw.com

*Counsel for the City of Jackson, Mississippi, by and through the City Council of Jackson, Mississippi*