**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**Northern Division**

| | |
|---|---|
| DANA CRISWELL, *Plaintiff*, vs. CHOKWE ANTAR LUMUMBA, in his official capacity of Mayor of Jackson, Mississippi, and CITY OF JACKSON, MISSISSIPPI, *Defendants*. | Civil Action No.: 3:20-cv-294-DPJ-FKB |

**MEMORANDUM OF LAW IN SUPPORT OF
JOINT MOTION FOR ENTRY OF CONSENT DECREE**

Plaintiff, Dana Criswell, and Defendants Chokwe Antar Lumumba in his official capacity of Mayor of Jackson, Mississippi ("Mayor Lumumba") and the City of Jackson, Mississippi ("City of Jackson") and the City Council of Jackson, Mississippi ("City Council") (collectively, "the Parties") respectfully submit this Memorandum of Law in Support of their Joint Motion for entry of a Consent Decree as an Order of this Court. The proposed Consent Decree will be submitted to the Court in accordance with Rule 52 of the Local Uniform Civil Rules. In support of this Memorandum of Law, the Parties would show as follows:

**INTRODUCTION**

The Parties seek entry of the proposed Consent Decree to resolve Plaintiff's claims for declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201–02. On April 25, 2020, Mayor Lumumba issued an executive order, which temporarily prohibited the open carry of

firearms in the City of Jackson, Mississippi.[1]  In his Complaint, Plaintiff alleges that the executive order violated his rights under the Second Amendment to the United States Constitution, Article 3, Section 12 of the Mississippi Constitution, and Mississippi statutory law.  The City of Jackson by and through its City Council admits these allegations, and maintains that the City Council disapproves of Mayor Lumumba's executive order.  Mayor Lumumba has not filed responsive pleadings, but denies Plaintiff's allegations.

The Parties, through counsel, have engaged in extensive settlement negotiations, including several telephonic meet-and-confers and the exchange of numerous e-mails and proposed drafts of the proposed Consent Decree.  The Parties have reached an agreement that it is in the Parties' best interest to fully and finally resolve this matter on mutually agreeable terms in order to avoid costly and protracted litigation.  The declaratory and injunctive relief contemplated by that agreement is embodied in the proposed Consent Decree.  The proposed Consent Decree is the result of arms-length bargaining and good faith negotiations, and therefore fair, adequate and reasonable.

**STANDARD**

Settlement via consent decree is encouraged by the courts.  *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).  Courts have recognized that "[b]ecause of the consensual nature of [consent] decree[s], voluntary compliance is rendered more likely," while "[a]t the same time, the parties … minimize costly litigation and adverse publicity and avoid the collateral consequences of adjudicated guilt."  *United States v. City of Jackson, Miss.*, 519 F.2d 1147, 1152 n.9 (5th Cir. 1975).  In determining whether to approve a proposed consent decree, a court should determine that the settlement is "fair, adequate and reasonable and is not the product of collusion between the parties."  *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (citing *Cotton*, 559 F.2d at

---

[1] While the executive order has since expired, Plaintiff has informed Defendants that, if required, he would oppose any motion to dismiss for mootness on the grounds that the order is capable of repetition yet evading judicial review.

1330).  In making this determination, judges should "undertake an analysis of the facts and the law relevant to the proposed compromise," *Cotton*, 559 F.2d at 1330, including the nature of the litigation and the purpose to be served by the consent decree.  *United States v. City of Miami*, 664 F.2d 435, 441 (5th Cir. Dec. 1981).  There is a "strong presumption" in favor of finding a settlement to be fair.  *Sandoz v. Cingular Wireless LLC,* 2018 WL 6577640, at *5, 6 (W.D. La. Dec. 3, 2018).  Accordingly, the court may rely on the judgment of experienced counsel for the parties and, absent evidence of fraud or collusion, should be hesitant to substitute its own judgment for that of the parties.  *Cotton*, 559 F.2d at 1330.

## ARGUMENT

**I.  THE CONSENT DECREE IS FAIR AND REASONABLE AND SHOULD BE ENTERED AS AN ORDER OF THE COURT**

The Consent Decree should be approved because it is the product of an agreement that was carefully arrived at after arm's length negotiation between the Parties, all of whom were represented by competent and experienced counsel.  Plaintiff and Defendants are in an adversarial posture, which provides further assurance to the Court that the Consent Decree reached by the Parties is fair.  *City of Miami*, 614 F.2d at 1332.  The Parties have engaged in a process of compromise in which "in exchange for the savings of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation." *U.S. v. Armour & Co.*, 402 U.S. 673, 681 (1971).  Plaintiff has forgone the potential for more broad reaching declaratory and injunctive relief, the possibility of recovering attorneys' fees, and the possibility of amending his Complaint to seek damages against Mayor Lumumba in his personal capacity.  Likewise, Defendants have forgone the possibility of promulgating future executive orders temporarily banning the open carry of firearms.

The terms of the proposed Consent Decree are fair, reasonable, and adequate. The proposed Consent Decree prohibits the City of Jackson from adopting future bans or restrictions on the open carry of firearms, unless a statute or law of the State of Mississippi is adopted or amended to specifically ban or limit the open carry of firearms in Mississippi, or to specifically authorize municipalities to do so, and such statute or law is not declared unconstitutional by the courts. This resolution of Plaintiff's claims is reasonable in light of the significant additional resources, time, and money that both Plaintiff and Defendants would be forced to spend in order to litigate this case to its final conclusion. If this case does not settle, Plaintiff will remain uncertain as to whether a new ban on the open carry of firearms might be adopted by Defendant Lumumba. Similarly, if this case does not settle, Defendants will remain uncertain about the liability that may exist for each Defendant if Plaintiff ultimately prevails on his claims. Defendants would also face the possibility of being ordered to pay Plaintiff's attorneys' fees if Plaintiff prevailed on the merits of his claims. Entering the Consent Decree now, by contrast, provides immediate relief to Plaintiff, and certainty to Defendants that they will face no financial liability or attorneys' fee awards. Thus, it is fair, adequate and reasonable for the Parties to enter this Consent Decree.

## CONCLUSION

The Parties agreed to this proposed Consent Decree with a common goal of protecting constitutional and statutory rights. The proposed Consent Decree is fair, adequate, and reasonable, and the Parties respectfully request that this Court enter it as an Order of the Court.

RESPECTFULLY SUBMITTED, this the 12th day of June, 2020.

*/s/ Aaron R. Rice*
Aaron R. Rice
MS Bar No. 103892
MISSISSIPPI JUSTICE INSTITUTE
520 George St.
Jackson, MS 39202
Tel: (601) 969-1300
Email: aaron.rice@msjustice.org

D. Sterling Kidd (MB No. 103670)
Michael R. Jones (MB No. 105697)
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211-6391
*Telephone*: (601) 351-2400
*Facsimile*: (601) 351-2424
skidd@bakerdonelson.com

*Counsel for Plaintiff*

*/s/ Winston J. Thompson, III*
Winston J. Thompson, III (MSB # 100157)
WINSTON J. THOMPSON, III, PLLC
P.O. Box 23579 Jackson, MS 39225
Tel: 769-233-7163
Fax: 769-233-7927
wjt3law@yahoo.com

*Counsel for Defendant Chokwe Antar Lumumba, in his official capacity as Mayor of Jackson, Mississippi*

*/s/ Deshun T. Martin*
DESHUN T. MARTIN, MSB #101526
VATERRIA M. MARTIN, MSB# 101235
MARTIN AND MARTIN, P.A.
Attorneys & Counselors
228 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 355-0955
Facsimile: (601) 355-0957
E-mail: DTMartin@4MartinsAtLaw.com
E-mail: VMMartin@4MartinsAtLaw.com

*Counsel for the City of Jackson, Mississippi, by and through the City Council of Jackson, Mississippi*