IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

Northern Division

| | |
|---|---|
| DANA CRISWELL,<br><br>*Plaintiff*,<br><br>vs.<br><br>CHOKWE ANTAR LUMUMBA, in his official capacity of Mayor of Jackson, Mississippi, and CITY OF JACKSON, MISSISSIPPI,<br><br>*Defendants*. | Civil Action No.: 3:20-cv-294-DPJ-FKB |

## ORDER AND CONSENT DECREE

### I.  INTRODUCTION

#### A.  The Action

1. A Complaint for Declaratory and Injunctive Relief ("The Action") was filed on April 27, 2020, against Mayor Chokwe Antar Lumumba ("Mayor Lumumba"), in his official capacity, and the City of Jackson, Mississippi ("City of Jackson") (hereinafter referred to collectively as "Defendants"). All Defendants have been served. Counsel for Mayor Lumumba will enter an appearance in this action. Independent counsel for the City Council of Jackson, Mississippi ("City Council") and the City of Jackson, Mississippi ("City of Jackson") has entered an appearance in this action. The Plaintiff is Dana Criswell ("Plaintiff"). Plaintiff, Defendants, and the City Council are referred to hereinafter collectively as the "Parties".

2. On April 25, 2020, Mayor Lumumba issued an executive order which temporarily prohibited the open carry of firearms in the City of Jackson, Mississippi. Plaintiff alleges that the

executive order violated his rights under the Second Amendment to the United States Constitution, Article 3, Section 12 of the Mississippi Constitution, and Mississippi statutory law. The City of Jackson by and through its City Council admits these allegations, and maintains that the City Council disapproves of Mayor Lumumba's executive order. Mayor Lumumba has not filed responsive pleadings, but denies Plaintiff's allegations.

### B. Mutual Recognition of Principles

1. The Parties recognize the importance of the rights protected by the Second Amendment to the United States Constitution, Article 3, Section 12 of the Mississippi Constitution, and Mississippi statutory law. Accordingly, and in the interest of avoiding costly and protracted litigation, the Parties have reached a settlement of all the claims in the Action, which includes the imposition of this Order and Consent Decree (the "Consent Decree").

### II.   GENERAL PROVISIONS

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over claims arising under the Mississippi Constitution pursuant to 28 U.S.C. § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391(b).

2. This Consent Decree shall become effective and binding upon the Parties immediately upon the Court's entry hereof.

3. The Consent Decree shall be in effect in perpetuity unless rendered obsolete by the terms contained in Section III, Paragraph 2, herein.

4. The Action shall be dismissed, but the Court shall specifically retain jurisdiction to enforce the Consent Decree.

5. Any action to enforce this Consent Decree shall only be brought in the United States District Court of the Southern District of Mississippi, Northern Division.

      6. The Consent Decree shall be enforceable by the named Plaintiff, Dana Criswell. No Defendant shall object to the standing of Plaintiff Dana Criswell in any contempt proceeding to enforce any provision of this Consent Decree.

      7. Plaintiff may substitute another Mississippi resident as a named Plaintiff upon a showing that good cause exists for withdrawal of the current Plaintiff as to which substitution is sought, including but not limited to the factors expressly enumerated in Rule 25 of the Federal Rules of Civil Procedure, subject to the approval of the Court.

### III.   OPEN CARRY POLICY

      1. For the purposes of this Consent Decree, the term "open carry of firearms" shall mean the carrying about one's person of a loaded or unloaded firearm that is wholly or partially visible to common observation, if the person engaged in the open carry of firearms is not engaged in criminal activity other than a misdemeanor traffic offense, is not otherwise prohibited from possessing such firearm under state or federal law, and is not in a location prohibited under state or federal law.

      2. The City of Jackson, by and through its Mayor, its City Council, or its other officials, agents, employees, successors and all persons in active concert or participation with it shall not adopt any orders, resolutions, ordinances, policies, or practices which have the purpose or effect of directly or indirectly prohibiting, restricting, or inhibiting the open carry of firearms, unless a statute or law of the State of Mississippi is adopted or amended to specifically prohibit, restrict, or inhibit the open carry of firearms in Mississippi, or to specifically authorize municipalities to do so, and such statute or law is not held violative of the United States Constitution or the Mississippi Constitution by a court of competent jurisdiction.

The foregoing is hereby **APPROVED** and **ORDERED** in the United States District Court for the Southern District of Mississippi, Northern Division, this the 12th day of June, 2020.

          s/ *Daniel P. Jordan III*
          CHIEF UNITED STATES DISTRICT JUDGE